UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT DEAN HEAGY,

    Petitioner,

    v.

STEPHEN SINCLAIR.

    Respondent.

CASE NO. C13-5394 BHS-JRC

REPORT AND
RECOMMENDATION

NOTED FOR:
DECEMBER 20, 2013

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura.  The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.  Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Respondent asks that the Court dismiss this petition as time barred, pursuant to 28 U.S.C. § 2244(d) (ECF No. 21). The Court agrees the petition is time barred and recommends that the petition be dismissed.

1    Petitioner waited nearly four years between filing his direct appeal and filing a state

2   personal restraint petition. Further, petitioner has not filed a traverse or argued that he is entitled

3   to equitable tolling. The Court finds that petitioner presents no extraordinary circumstances that

4   warrant equitable tolling.

5                                        BASIS FOR CUSTODY

6    A Kitsap County jury convicted petitioner of one count of child molestation in the first

7   degree (ECF No. 22, Exhibit 1, p. 1).  On April 14 2006, the Kitsap County Superior Court

8   sentenced petitioner to life without the option of parole because the Court found that petitioner

9   had two prior convictions.  One of petitioner's prior convictions was for indecent liberties (child

10   molestation second degree), and the other conviction was for robbery. (ECF No. 22, Exhibit 1,

11   pp. 1-2).  Petitioner was sentenced as a persistent offender.  *See*, Judgment and Sentence (ECF

12   No. 22, Exhibit 1, p. 2).  Petitioner's contention that he was sentenced to the standard range of

13   between 77 and 102 months is without merit (ECF No. 10, p. 13).  The facts underlying

14   petitioner's conviction are not germane to the time-bar issue and need not be set forth.

15   Respondent has summarized the facts as set forth by the Washington State Court of Appeals

16   (ECF No. 21, pp. 2-3).

17                                       PROCEDURAL HISTORY

18    Petitioner filed a direct appeal and he provided the Washington Court of Appeals with a

19   Statement of Additional Grounds (ECF No. 22, Exhibit 3 and 5). On August 28, 2007, the

20   Washington State Court of Appeals affirmed the conviction and sentence (ECF No. 22, Exhibit

21   2).  On October 10, 2007, petitioner filed a motion for discretionary review with the Washington

22   State Supreme Court (ECF No. 22, Exhibit 6).  The Washington State Supreme Court denied

23   review on June 4, 2008 (ECF No. 22, Exhibit 8).  Petitioner had ninety-days -- until September 3,

24

1  2008 -- to file a Writ of Certiorari with the United States Supreme Court.  Petitioner did not file

2  anything during the ninety day time frame.

3        Over four years later -- on November 21, 2012 -- petitioner filed a personal restraint

4  petition. Petitioner's judgment and sentence became final for purposes of § 2244(d) when the

5  time for filing a Writ of Certiorari expired.  Petitioner's time for filing a federal habeas corpus

6  petition ended as of September 4 2009. *See* 28 U.S.C. § 2244(d)(1)(A).  Petitioner filed his

7  federal habeas corpus petition on May 23, 2013, over three years late (ECF No. 1).  By the time

8  petitioner filed his personal restraint petition, he was time barred from filing a federal habeas

9  corpus petition.

10                      <u>EVIDENTIARY HEARING NOT REQUIRED</u>

11        Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C.

12  §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the

13  factual basis for a claim in state court, and the applicant shows that:

14        (A) the claim relies on
15             (i) a new rule of constitutional law, made retroactive to cases on collateral
                 review by the Supreme Court that was previously unavailable, or if there
                 is
16             (ii) a factual predicate that could not have been previously discovered
                  through the exercise of due diligence; and
17
18        (B) the facts underlying the claim would be sufficient to establish by clear and
           convincing evidence that but for constitutional error, no reasonable fact finder
           would have found the applicant guilty of the underlying offense.
19
20  28 U.S.C. §2254(e)(2) (1996).

21        Petitioner's claims rely on established rules of constitutional law.  Further, there are no

22  factual issues that could not have been previously discovered by due diligence.  All the facts

23  were available on the date of sentencing.  Finally, the facts underlying petitioner's claims are

24

1  insufficient to establish that no rational fact finder would have found him guilty of the crime.

2  Therefore, this Court concludes that an evidentiary hearing is not necessary to decide this case.

3                                STANDARD OF REVIEW

4          Federal courts may intervene in the state judicial process only to correct wrongs of a

5  constitutional dimension.  *Engle v. Isaac*, 456 U.S. 107 (1983).  28 U.S.C. § 2254 explicitly

6  states that a federal court may entertain an application for writ of habeas corpus "only on the

7  ground that [petitioner] is in custody in violation of the constitution or law or treaties of the

8  United States."  28 U.S.C. § 2254(a) (1995).  The Supreme Court has stated many times that

9  federal habeas corpus relief does not lie for mere errors of state law.  *Estelle v. McGuire*, 502

10 U.S. 62 (1991); *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984);

11         A habeas corpus petition shall not be granted with respect to any claim adjudicated on the

12 merits in the state courts unless the adjudication either: (1) resulted in a decision that was

13 contrary to, or involved an unreasonable application of, clearly established federal law, as

14 determined by the Supreme Court; or (2) resulted in a decision that was based on an

15 unreasonable determination of the facts in light of the evidence presented to the state courts.  28

16 U.S.C. §2254(d).  Further, a determination of a factual issue by a state court shall be presumed

17 correct, and the applicant has the burden of rebutting the presumption of correctness by clear and

18 convincing evidence. 28 U.S.C. §2254(e)(1).

19                                    DISCUSSION

20         Federal habeas corpus petitions are subject to a statue of limitations under the 1996

21 amendments to 28 U.S.C. § 2244(d), as part of the Antiterrorism and Effective Death Penalty

22 Act (AEDPA). 28 U.S.C. § 2244(d) provides:

23

24

REPORT AND RECOMMENDATION - 4

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
    (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
    (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C.A. § 2244(d)(1)(A), the limitation period begins on the date on which the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  Petitioner was sentenced April, 14, 2006 (ECF no. 22, Exhibit 1).  Petitioner filed a direct appeal which was dismissed August 28, 2007 (ECF No. 22, Exhibit 6).  Petitioner filed a motion for discretionary review that the Washington Supreme Court denied on June 4, 2008 (ECF No. 22, Exhibit 8).  Petitioner had until September 3, 2008 to file a Writ of Certiorari and he failed to do so.  September 4, 2008 was the first day of the one year time frame.  Petitioner did nothing to toll the running of the one year time frame and it expired one year later on September 4, 2009.  This petition is time barred unless petitioner is entitled to some form of statutory or equitable tolling.

A.      Statutory tolling.

The statutory tolling provisions are in 28 U.S.C. § 2244(d) and were set forth above. None of the provisions would act to toll a running of the one-year statute of limitation in this case.  Petitioner's judgment became final September 3, 2008.  There was no state impediment to petitioner's filing a habeas corpus petition.  The factual predicate for petitioner's arguments were available to petitioner when petitioner was sentenced.  Finally, the facts do not support any

1  argument that petitioner is not guilty of the crime.  The Court concludes that statutory tolling is

2  not available in this case.

3          B.        Equitable tolling.

4          The one-year statute of limitations under 28 U.S.C. § 2244(d) is subject to equitable

5  tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to

6  file a petition on time."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (*quoting Calderon*

7  *v. United States Dist. Court*, 163 F.3d 530, 541 (9th Cir. 1998) (*en banc*)) (*other citations*

8  *omitted*).  "When external forces, rather than a petitioner's lack of diligence, account for the

9  failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."

10  *Id*.  However, "equitable tolling is unavailable in most cases."  *Miles*, 187 F.3d at 1107 (*citing*

11  *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997)).  To obtain equitable

12  tolling, petitioner has the burden of showing both that petitioner pursued his rights diligently, and

13  that "extraordinary circumstances" prevented petitioner's filing.  *Pace v. DiGuglielmo*, 544 U.S.

14  408, 418, (2005) (*citing Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

15          Petitioner has presented no rebuttal argument and fails to show that circumstances

16  beyond his control prevented the filing of a timely pleading.  The Court concludes that petitioner

17  has not diligently pursued his claims.  Petitioner does not show any extraordinary circumstance

18  that warrants application of equitable tolling in this case.  The Court concludes that this habeas

19  corpus petition is time barred.  The Court recommends dismissal of the petition as time barred

20  pursuant to 28 U.S.C. 2244(d).

21                            CERTIFICATE OF APPEALABILITY

22          Petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district

23  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

24

1   (COA) from a district or circuit judge.  A certificate of appealability may issue only if petitioner

2   has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. §

3   2253(c)(2).  Petitioner satisfies this standard "by demonstrating that jurists of reason could

4   disagree with the district court's resolution of his constitutional claims or that jurists could

5   conclude the issues presented are adequate to deserve encouragement to proceed further."

6   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

7   (2000)).  Pursuant to this standard, this Court concludes that petitioner is not entitled to a

8   certificate of appealability with respect to this petition.

9          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

10  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

11  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

12  review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

13  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

14  December 20, 2013, as noted in the caption.

15         Dated this 25th day of November, 2013.

16

17  _____

18  J. Richard Creatura
    United States Magistrate Judge

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 7